UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
M.Y.,

                       Plaintiff,

      -against-

UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK,

                    Defendant.
----------------------------------------------------------X

Civil Action No.: 14-cv-4191 (LTS)

**JOINT PRELIMINARY**
**PRE-TRIAL STATEMENT**

In accord with the Court's Initial Conference Order dated July 10, 2014, counsel for the parties submit the following in advance of the court ordered pre-trial conference scheduled for September 18, 2014 at 3:45 P.M.:

   a. **Concise Statement of the Nature of This Action**

This is an action for benefits under an employee medical benefit plan brought by plaintiff M.Y., a beneficiary of the plan, against defendant United HealthCare Insurance Company of New York ("UHIC"), the insurer and claim administrator for the Axiom Global Health Benefit Plan (the "Plan"). As a result, this action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

   b. **Pending Related Criminal or Civil Actions**
      None.

   c. **Concise Statement Regarding Jurisdiction**

The parties agree that the Court has federal question jurisdiction over this matter, as it involves a claim by Plaintiff for benefits under an employee benefit plan regulated and governed under ERISA. *See* 29 U.S.C. §§ 1132(a), (e), (f) and (g); 28 U.S.C. § 1331.

   d. **Concise Statement of All Material Uncontested or Admitted Facts**

1. During the relevant period of time alleged in the Complaint, M.Y. was enrolled as a dependent in the Axiom Global Health benefit plan (the "Plan") insured by United Healthcare Insurance Company of New York ("United").

2. United issued to M.Y. a Certificate of Coverage (the "Certificate") setting forth the terms, conditions, limitations and exclusions to coverage under the Plan.

3. The Certificate states "We pay Benefits for Covered Health Services in *Section 1*: Covered Health Services and in the Schedule of Benefits, unless the service is excluded in *Section 2*: Exclusions and Limitations."

4. The Certificate of Coverage sets forth the administrative appeals procedures for challenging a denial of authorization for Covered Health Services on medical necessity grounds.

5. M.Y. received inpatient treatment benefits for services received at Veritas Collaborative ("Veritas") from February 6, 2013 to March 8, 2013 for an eating disorder.

6. M.Y. received residential treatment benefits for services received at Veritas from March 8, 2013 through April 22, 2013.

7. Michael Soto, M.D., a Board Certified Psychiatrist, Adolescent and Adult Psychologist, and Regional Medical Director for United Behavioral Health ("UBH") approved the residential treatment services as medically necessary under the plan through April 22, 2013.

8. On April 23, 2013, Jessica Wood at Veritas held a telephone call with United, wherein Ms. Wood asserted that M.Y. "needs to remain in Resi to allow for psych testing to be completed to confirm add dx."

9. Veritas also argued that they did not feel that she should step down until she began a trial of stimulants and her relationship with her mother improved.

10. On April 24, 2013, Dr. Kerry Landry at Veritas held a peer-to-peer call with Dr. Soto.

11. On April 24, 2013, Dr. Soto determined that residential treatment was no longer medically necessary because the patient could be safely treated at partial hospitalization level of care.

12. By letter dated April 25, 2013, Dr. Soto referred to the UBH Residential Treatment Center Mental Health Conditions Level of Care Guidelines and advised the parent and guardian of M.Y. that:

> Your child has made progress toward recovery in that she is participating in the program. Your child does not appear to be at risk for self harm to harm to others. Your child still needs to work on improving coping skills and this can continue at the partial hospital level of care.

13. The UBH Residential Treatment Center Mental Health Conditions Level of Care Guidelines provide that one of the following criteria must be met in order for residential treatment to be medically necessary under the terms of the Plan:

> 1. The member is experiencing a disturbance in mood, affect or cognition resulting in behavior that cannot be safely managed in a less restrictive setting.

> - OR -
> 2. There is an imminent risk that severe, multiple and/or complex psychosocial stressors will produce significant enough distress or impairment in psychological, social, occupational/educational, or other important areas of functioning to undermine treatment in a lower level of care.
> - OR -
> 3. The member has a co-occurring medical disorder or substance use disorder which complicates treatment of the presenting mental health condition to the extent that treatment in a Residential Treatment Center is necessary.

14. In the April 25, 2013 letter, Dr. Soto stated "[b]ased upon the review, effective 04/23/13 it is my determination that medical necessity requirements for your behavioral healthplan's Residential Treatment Center: Mental Health Conditions Level of Care Guidelines are not met.  Care should continue with partial hospitalization providers."

15. On April 25, 2013, Veritas requested an urgent appeal.

16. Andrea Bradford, MD, a Board Certified Psychiatrist and Assistant Medical Director for UBH, was assigned to handle the appeal.

17. On April 25, 2013, Dr. Bradford held a peer-to-peer call with Dr. Landry.

18. On April 26, 2013, Dr. Bradford upheld the denial of residential treatment after April 23, 2013 on the grounds that services could be provided at a less intensive level of care.

e. **Concise Statement of All Uncontested Legal Issues**

1. The parties agree that this action is governed by ERISA, and that it should be tried by the Court and not a jury.  *See Muller* v. *First Unum Life Ins. Co*., 341 F.3d 119, 124 (2d Cir. 2003); *Tischmann* v. *ITT/Sheraton Corp*., 145 F.3d 561, 568 (2d Cir. 1998); *DeFelice* v. *American Int'l Life Assurance Co*., 112 F.3d 61, 64 (2d Cir. 1997) ("*Sullivan* made clear that cases involving ERISA benefits are inherently equitable in nature, not contractual, and that no right to jury trial attaches to such claims."); *Sullivan* v. *LTV Aerospace & Def. Co*., 82 F.3d 1251, 1258-1259 (2d Cir. 1996).

f. **Concise Statement of All Legal Issues to Be Decided by the Court**

1. Plaintiff asserts that the primary legal issue to be decided by the Court is the appropriate standard of review, and the scope of that review, in this ERISA case.

2. Defendant United asserts that the sole issue for the Court's consideration is whether UBH's determination to deny residential treatment benefits from April 23, 2013 through June 4, 2013 for M.Y. was based on substantial evidence in the

administrative record?

Defendants assert that in connection with the above-referenced issue, the Court may also need to decide:
(a) Whether UBH's interpretation of Plan terms and its determination regarding eligibility is subject to the deferential arbitrary and capricious standard of review. *See Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2d Cir. 2008); and

(b) Whether the district court's review of whether UBH's determination is limited to the documents contained in the administrative record. ." *See Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2dCir.2003); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Salute* v. *Aetna Life Ins Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005).

### g. Concise Statement of Material Disputed Facts

Plaintiff states that she anticipates that:  the parties will agree to most of the material facts in this case, i.e. those facts evidencing Plaintiff's background, diagnosis and medical treatment, and the dates and decisions involved in her claim for benefits.  Plaintiff further states that she believes that the primary material disputed fact in this case is whether the treatment Plaintiff received at Veritas was "medically necessary" under the terms and conditions of the Plan.  Plaintiff also states that the parties also will likely dispute whether Defendant's conduct and procedures in deciding Plaintiff's claim were appropriate and afforded Plaintiff a full and fair review under ERISA.  *See* 29 U.S.C. § 1133.

Defendant United disputes these statements are "facts" for the Court to decide and states that it does not believe that there are any disputed issues of material facts.

### h. Concise Statement by Plaintiff of the Legal Basis of Each Cause of Action Asserted

Plaintiff has asserted two claims for relief under ERISA.  The first is a claim for benefits, authorized by 29 U.S.C. § 1132(a).  The second is a claim for equitable relief, also authorized by 29 U.S.C. § 1132(a).

### i. Concise Statement by Defendant of the Legal Basis of Each Defense Asserted

Defendant asserts that its determination was appropriate and based on substantial evidence in the record.  Defendants refer the Court to the above uncontested facts and legal statements, *supra.*

### j. Concise Statement of the Measure and Burden of Proof
Plaintiff states: that she has the burden of proof regarding her two claims for relief, and must prove her claims by a preponderance of the evidence.  Defendant has the burden of proof regarding the applicability of any insurance policy exclusions.

Defendant disputes that it bears any burden of proof and disputes that the burden of proof is a preponderance of the evidence. Defendant United states M.Y. bears the burden of proving that the in-patient services she received at Veritas were medically necessary. *See Juliano* v. *The Health Maintenance Organization of New Jersey, Inc.*, 221 F.3d 279, 287-88 (2d Cir. 2000). Defendants further state that M.Y. must prove that UBH's determination was unreasonable as a matter of law or not based on substantial evidence in the administrative record. *See Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009).

k. **Amendments to Pleadings and/or the Addition or Substitution of Parties**
The parties do not expect to amend their pleadings, or add or substitute any parties. The parties propose a deadline of October 31, 2014 for any such amendments.

l. **Transfer of the Case to a Magistrate Judge**
The parties have not agreed to transfer this action to a magistrate judge for all purposes, including trial.

m. **Disclosures under Fed. R. Civ. P. 26(a)**
The parties do not believe any changes should be made in the form or requirements for initial disclosures pursuant to Fed. R. Civ. P. 26(a). The parties propose a deadline of September 26, 2014 in order to complete their disclosures.

n. **Proposed Discovery Cut-off Date**
The parties propose a discovery cut-off date of March 31, 2015.

o. **Expert Evidence**
Plaintiff asserts as this is an ERISA matter, the parties do not believe any expert evidence will be necessary. Defendant asserts that expert testimony outside of the administrative record may not be considered. *See Miller* v. *United Welfare Fund*, 72 F.3d 1066. (2d Cir. 1995).

p. **Changes in the Limitations on Discovery Imposed under the Federal Rules of Civil Procedure or Local Rules**
Plaintiff asserts that that the Court does not need to impose any limitations on discovery beyond those found in the Federal Rules of Civil Procedure and the Court's Local Rules. Defendant asserts that there is no need for discovery beyond the production of the administrative record. *See Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 229 (E.D.N.Y.2008).

q. **Status of Settlement Discussions and Prospects for Settlement**
The parties conducted preliminary settlement discussions during their conference regarding this report. The parties expect to continue such discussions.

r. **Court/Jury Trial and Number of Trial Days Expected**
Plaintiff asserts as this case is an ERISA matter, it will be tried to the Court and involve limited evidence. There will likely be no witness testimony. Plaintiff thus requests that the Court issue an order limiting pretrial requirements in order to simplify the litigation of this matter and decide it in a more economical fashion.
As part of this request, plaintiff suggests that the case be decided pursuant to a schedule which proceeds in the following chronological fashion: (a) Defendant lodges the administrative

record with the Court; (b) the parties file opening briefs and additional evidence, if necessary; (c) the parties file responsive briefs; and (d) the Court sets a trial date/dispositive hearing date, if necessary.

Plaintiff anticipates that this matter can be heard on one court day.

Defendant asserts that there is no need for a trial in this case.  This matter should be decided on a motion for summary judgment based on the court's review of the administrative record.  *See Coram Healthcare Corp.* v. *Wal-Mart Stores, Inc.*, 238 F. Supp. 2d 586, 590 (S.D.N.Y. 2002).  Defendants assert that this matter should be decided on the Court's review of the administrative record under the summary judgment standard of review. *See Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 (E.D.N.Y. 2009), *aff'd* 2010 WL 3393758 (2d Cir. 2010).

   **s.** **Other Orders under Fed. R. Civ.P. 26( c) or Fed. R. Civ. P. 16(b) and (c)**
   Not applicable.

Dated: September 11, 2014                                     Dated: September 11, 2014


s/ Peter K. Seessions_____          s/Michael H. Bernstein_____
Peter K. Sessions                                             Michael H. Bernstein
Kantor & Kantor                                               Sedgwick LLP
19839 Nordhoff Street                                         225 Liberty Street, 28th Floor
Northridge, CA  91324                                         New York, NY  10281
(818) 886-2525                                                (212) 422-0202
 PSessions@kantorlaw.net                                      michael.bernstein@sedgwicklaw.com